UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/19/21__

------------------------------------------------------------- x
                     :

ALLSTAR MARKETING GROUP, LLC    :
                     :

            Plaintiff,    :     19-cv-5022 (ALC) (KHP)
                     :

        -against-      :

ADFADERAL, ET AL.,          :
                     :

           Defendants.  :

------------------------------------------------------------- x
                     :

ALLSTAR MARKETING GROUP, LLC,  :
                     :

            Plaintiff,    :
                     :     19-cv-5028 (ALC) (KHP)

        -against-      :

ANGLE QQ BABY STORE, ET AL.,  :
                     :

           Defendants.  :

------------------------------------------------------------- x
                     :

ALLSTAR MARKETING GROUP, LLC,  :
                     :

           Plaintiff,    :     19-cv-5029 (ALC) (KHP)
                     :

        -against-      :

329620855, ET AL.,         :
                     :

           Defendants.  :

------------------------------------------------------------- x
                     :
                     :

```
                                            :       19-cv-5032 (ALC) (KHP)
ALLSTAR MARKETING GROUP, LLC                :
                                            :       OPINION & ORDER
                        Plaintiff,          :
                                            :
            -against-                       :
                                            :
LAO ER SHOP, ET AL.,                        :
                                            :
                        Defendants.         :
----------------------------------------------------------------- x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Allstar Marketing Group, LLC (hereinafter, "Plaintiff") a developer of innovative consumer products, commenced these actions against various Defendants alleging claims for trademark infringement under the Federal Trademark Act ("Lanham"), 15 U.S.C. §§ 1051 *et seq.*; unlawful counterfeiting under 15 U.S.C. §§ 114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off an unfair competition under Section 43(a) of the Trademarks Act of 1946, as amended (15 U.S.C § 1125(a)); copyright infringement under Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and related state and common law claims arising from the alleged infringement.  ECF No. 1.

None of the Defendants answered or moved in these actions.  On November 25, 2019, Plaintiff filed a Notice of Voluntary Dismissal with prejudice as to two defendants in these actions.  ECF No. 16.  Plaintiff subsequently moved for default judgment against the remaining defendants.  ECF No. 28.  On April 12, 2021, this Court ordered the Remaining Defendants to "show cause as to why and Order should not be issued pursuant to Fed. R. Civ. P. 55 entering default judgment against the Remaining Defendants for failure to answer or otherwise move in response to the Complaint . . . ."  ECF No. 30.  On May 28, 2021, this Court referred the matter

to Magistrate Judge Katherine H. Parker for ruling on Motion for Default Judgment and Inquest After Default.  ECF No. 32.

On June 3, 2021, Judge Parker issued an Order directing Plaintiff to serve the Remaining Defendants a copy of its Motion for Default Judgment and all supporting papers along with the court's order.  ECF No. 33.  Judge Parker also ordered Defendants to respond to Plaintiff's motion by August 1, 2021.  *Id.*  None of the Remaining Defendants filed papers in response to Judge Parker's June 3, 2021 Order.  *See* ECF.  On September 8, 2021, Judge Parker held a telephonic inquest hearing.  Report at 7.  None of the Remaining Defendants appeared at the inquest hearing.  *Id.*  Thus, on September 30, 2021, Judge Parker issued a Report and Recommendation (hereinafter, "Report") recommending Plaintiff's motion be granted and that judgment be entered in favor of Plaintiff and against Defendants.  ECF No. 50.  No party filed objections to Judge Parker's Report.  For the reasons that follow, the Court adopts Judge Parker's Report in its entirety as the opinion of the Court.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C).  Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  A district judge must undertake a *de novo* review of any portion of a magistrate judge's report that has been properly objected to. Fed. R. Civ. P. 72(b)(3).  In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties

receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

## DISCUSSION

In the Report, Judge Parker recommended Plaintiff's Motion for Default Judgment be granted in favor of Plaintiff and against Defendants for the total amount of statutory damages of $14,950,000.00 ($50,00 per Defendant) and post-judgement interest. *See generally* Report. Judge Parker thoroughly outlined the requirements of Section 35(a) of the Lanham Act 15. U.S.C. § 1114 and Rule 55. Report at 7–9; 11–12. Judge Parker stated that parties had fourteen days from the date of service to file any objections, and that failure to do so would "result in a waiver of those objections for purposes of appeal." *Id.* at 18. No party filed objections to the Report. *See* ECF. Thus, the parties have waived any right to further appellate review.

This Court has reviewed the Report for clear error and finds none. Accordingly, Judge Parker's well-reasoned Report and Recommendation is adopted in its entirety as the opinion of the Court.

## CONCLUSION

For the reasons herein, the Court adopts Judge Parker's Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion to Strike Defendants' Answer and for Entry of Default Judgment is GRANTED in favor of Plaintiff and against Defendants for the total amount of statutory damages of $14,950,000.00 ($50,000 per Defendant) and post-judgment interest.

4

Plaintiff is hereby ORDERED to submit a proposed judgment reflecting the above by no later than October 22, 2021 at 12:00 P.M.  After judgment has been entered, the Clerk of Court is directed to close this case.

**SO ORDERED.**

**Dated: October 19, 2021**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**